UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: KEVIN SCOTT KESECKER : CHAPTER 13
      Debtor(s) :
       :
JACK N. ZAHAROPOULOS :
STANDING CHAPTER 13 TRUSTEE :
      Movant :
       :
      vs. :
       :
KEVIN SCOTT KESECKER :
      Respondent(s) : CASE NO. 1-21-bk-02438

## TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 16th day of December, 2021, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

1. Debtor(s)' plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

Trustee alleges and avers that debtor(s)' disposable income is greater than that which is committed to the plan based upon the Means Test calculation and specifically disputes the following amounts:

    a. Plan payment calculation sum of Lines 34, 35, 36 45.

Trustee alleges and avers that debtor(s)' disposable income is greater than that which is committed to the plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

    a. New job

2. Debtor(s)' plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, the debtor has excess non-exempt equity in the following:

    a. Residential real estate. The Trustee has requested proof of the value of the debtor(s) home as stated in his/her schedules.
    b. Automobile

3. The Trustee avers that debtor(s)' plan is not feasible based upon the following:

   a. The plan is inconsistent with Proofs of Claims filed and/or approved by the Court.

4. Trustee avers that debtor(s)' plan cannot be administered due to the lack of the following:

   a. Last paystub dated on or about January 31, 2022.

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

   a. Deny confirmation of debtor(s) plan.
   b. Dismiss or convert debtor(s) case.
   c. Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

CERTIFICATE OF SERVICE

AND NOW, this 20th day of December, 2021, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Nicholas Platt, Esquire
230 York Street
Hanover, PA 27331

/s/Deborah A. Behney
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee